ROBERT QUINN,  )
        Plaintiff,  )
          )
v.  )        O R D E R
          )
CUMBERLAND COUNTY,  )
        Defendant.  )

This cause comes before the Court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded and the time for filing a reply has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

This case arises out of a determination by a North Carolina court that plaintiff's son, K.Q. ("Kenny"[1]), was neglected and dependent and further terminating plaintiff's parental rights. Plaintiff filed his amended complaint under 42 U.S.C. § 1983, alleging that defendant has deprived him of his constitutionally protected liberty interest and right to the custody of Kenny. Plaintiff contends that the state court relied on a negligent investigation and unadjudicated charges of domestic violence in its determination to terminate plaintiff's parental rights. Amd Compl. ¶¶ 37, 52-53. Plaintiff contends that defendant had a duty to investigate the abuse allegations by Kenny's mother because it knew she "was a liar and had mental health issues." *Id.* ¶ 54. Plaintiff contends

---

[1] Plaintiff's complaint refers to his son's full name. In an effort to protect the identity of a minor, the Court adopts the pseudonym used by the North Carolina Supreme Court.

that the wrongful acts and omissions of defendant occurred due to the policies, customs, patterns, and practices of the Cumberland County Department of Social Services (DSS). *Id.* ¶ 55-56. Plaintiff also alleges claims for negligence, negligent supervision, violation of plaintiff's due process rights under the Fourteenth Amendment, and violation of Article I, Section 19 of the North Carolina Constitution. Plaintiff asks this Court to order Kenny to be released from defendant's non-secure custody and to award plaintiff damages for emotional distress, pain and suffering, and the severed relationship of plaintiff and Kenny caused by the unlawful act of seizing Kenny, as well as reasonable attorney fees.

## DISCUSSION

Defendant, Cumberland County, has moved to dismiss plaintiff's complaint in its entirety. Cumberland County argues first that plaintiff's claims are barred by the *Rooker-Feldman* doctrine and second that the complaint fails to state a claim upon which relief can be granted. The Court agrees that the *Rooker-Feldman* doctrine bars plaintiff's claims and that this Court thus lacks jurisdiction over them.

The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can

consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Federal district courts do not have the authority to hear appeals of state court decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine prevents federal district courts from exercising jurisdiction over challenges to state court decisions. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002). It applies to the review of both "issues actually decided by the state court" and review of "those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Claims are "inextricably intertwined" when, for the claims to succeed, the federal court must determine "that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). *Rooker-Feldman* is a narrow doctrine, which is "confined to cases" that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, plaintiff is a state-court loser, as his parental rights were terminated by the district court and that decision was affirmed on review by the North Carolina Supreme Court. *See Matter of K.Q.*, 381 N.C. 137 (2022). The state court proceedings became final before he instituted the instant suit. Plaintiff claims that his constitutional rights have been violated by the deprivation of the custody of Kenny and thus his right to parent Kenny. The alleged deprivation of rights stems directly from the state court judgment which terminated his parental rights. As a result of the termination of plaintiff's and Kenny's mother's parental rights, Kenny remained in non-secure

3

custody of the Cumberland County DSS. *See Matter of K.Q.*, 381 N.C. at 139-141. As relief in this action, plaintiff seeks an order releasing Kenny from non-secure custody. Accordingly, plaintiff, at bottom, asks this Court to review and reject the state court judgments.

In opposition, plaintiff argues that his claims here "challeng[e] the constitutionality of the process by which the state court decisions resulted" and are thus not implicated by *Rooker-Feldman*. *Jordahl*, 122 F.3d at 202. However, a party may not escape application of the *Rooker-Feldman* doctrine by merely refashioning its attack on the state court judgments as a § 1983 claim. *Id.* In his amended complaint, plaintiff alleges that the state district court lacked clear and convincing evidence that plaintiff was engaged in acts of violence toward Kenny's mother because the criminal charges against plaintiff were unadjudicated. Plaintiff alleges that Cumberland County DSS had a duty to investigate the allegations by Kenny's mother because it knew her to be a "liar" and that she had "mental health issues." Amd. Compl. ¶ 54; *see also id.* ¶¶ 65, 74. Plaintiff alleges that Cumberland County DSS and its employees failed to follow protocols and procedures, including to thoroughly investigate abuse allegations. Finally, plaintiff alleges that he exceeded the services that the state district court required of him by participating in, *inter alia*, parenting class, counseling, and a psychological evaluation, and that, absent clear and convincing evidence he was engaged in domestic violence, his parental rights should not have been terminated.

Plaintiff, who was then-represented by counsel, made the same and similar arguments to the North Carolina Supreme Court on appeal. *Matter of K.Q.*, 381 N.C. at 142. That he has fashioned these arguments here into allegations which he contends support claims of due process violations and negligence does not change the result. Moreover, any assertion raised in the amended complaint which was not specifically addressed by the state courts is plainly inextricably intertwined with those arguments already considered as, to prevail in this case, plaintiff seeks a

4

decision which would render the judgment of the North Carolina Supreme Court ineffectual. In sum, plaintiff's amended complaint amounts to an appeal of his state court judgments, over which this Court lacks subject matter jurisdiction. *See also Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 291 (4th Cir. 2013) ("it is clear that any due process claim is a mere pretext for the real focus of the Complaint, which challenges the validity of records and proceedings of the North Carolina courts that resulted in the termination of the [plaintiff's] parental rights. . . . [T]hose claims were resolved in the North Carolina courts and are barred by the *Rooker–Feldman* doctrine."). His claims are therefore properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court lacks subject matter jurisdiction over plaintiff's claims as they are barred by the *Rooker-Feldman* doctrine. Defendant's motion to dismiss [DE 11] is therefore GRANTED and plaintiff's complaint is DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this **13** day of October 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:23-cv-00046-BO-RN   Document 18   Filed 10/16/23   Page 5 of 5